

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division

HELEN C. NEWMAN and
MARIA A. NEWMAN,

    Plaintiffs,

v.                              Civil Action No. 3:11cv783

GENERAL SERVICES
CORPORATION,

    Defendant.

**MEMORANDUM OPINION**

This matter is before the Court on the MOTION TO DISMISS (Docket No. 5) filed by ICAFS, Inc. d/b/a General Services Corporation (hereinafter "ICAFS"). The motion seeks dismissal under Fed. R. Civ. P. 12(b)(1) for lack of subject matter jurisdiction as well as under Fed. R. Civ. P. 12(b)(6) for failure to state a claim upon which relief may be granted. Also before the Court is the Plaintiffs' Motion To Continue (Docket No. 11) and the Defendants' MOTION TO STRIKE PLAINTIFF'S [sic] "MOTION TO CONTINUE" AS UNTIMELY (Docket No. 12). Because the Court lacks subjection matter jurisdiction, the MOTION TO DISMISS (Docket No. 5) will be granted and the Plaintiffs' Motion To Continue (Docket No. 11) and the Defendants' MOTION TO STRIKE PLAINTIFF'S [sic] "MOTION TO CONTINUE" AS UNTIMELY (Docket No. 12) will be denied as moot.

**FACTUAL BACKGROUND**

Helen C. and Maria A. Newman (hereinafter the "Newmans"), Virginia citizens [1], proceeding *pro se*, filed a complaint (hereinafter "Complaint") on November 22, 2011, against General Services Corporation, the trade name for ICAFS. The Newmans rent a two-bedroom apartment in the Hunter's Ridge apartment complex, which is managed by ICAFS, a Virginia corporation. (Def.'s Mem. in Supp. of Mot. to Dismiss ("Def.'s Mem.") at 2.) Defendant is a Virginia corporation.[2]

The Newmans allege that the apartment is defective in a number of ways. (Compl. at 1.) Specifically, they claim exposure to "roaches, leaks, mold, and asbestos (vermiculite)." (Complaint at 1.) The Newmans further allege that they were not told of the defects in the apartment; that they repeatedly reported the problems to the rental office; and that they were assured that the issues would be addressed. (Compl. at 1-2.) Although the Complaint asserts that "Helen C. Newman is at high risk due to blood transfusions [due to

---

[1] Maria A. Newman, who signed the Complaint, is a member of the United States Army who is now deployed on active duty in South Korea. According to the Complaint, Maria A. Newman executed a Power of Attorney naming Helen C. Newman her attorney-in-fact and authorizing Helen C. Newman to continue prosecution of this action on behalf of both Plaintiffs.

[2] Verified by the Office of the Clerk for the Virginia State Corporation Commission (*available at* http://www.scc.virginia.gov/clk/index.aspx).

anemia]," the only injury alleged is (drawing every inference in favor of the Plaintiffs) is the lack of a habitable apartment and Helen C. Newman's "chest pains, loss of appetite, and unexplained weight loss." For that the Newmans seek $20.5 million in damages.

The Complaint states as the ground for jurisdiction that the claims are based on "a violation of the constitution [sic] or law [sic] of the United States, or treaties to which the United States is a party." (Compl. at 1.) The Newmans seek $20.5 million in damages. (Compl. at 4.) ICAFS filed a Motion to Dismiss accompanied by a proper Roseboro notice, pursuant to Local Rule 7(K). (Def's Mem. at 1.) In response, the Newmans filed a "Motion to Continue" on February 3, 2011, one day after the filing deadline. (Docket No. 11.) ICAFS then filed a MOTION TO STRIKE PLAINTIFF'S [sic] "MOTION TO CONTINUE" AS UNTIMELY (Docket No. 12.)

## DISCUSSION

Under Fed. R. Civ. P. 12(b)(1) an action can be dismissed for lack of subject matter jurisdiction. A challenge to subject matter jurisdiction brought under Rule 12(b)(1) may be made facially or factually. *2 Moore's Federal Practice*, § 12.30[4] (Matthew Bender 3rd Ed.) (hereinafter "*2 Moore's* § 12.30[4]"). A facial attack questions the sufficiency of the pleading. "In reviewing a facial attack, a trial court accepts the allegations in the Complaint as

true." Id. The motion filed by ICAFS is a facial challenge (Def.'s Mem. at 3). A Rule 12(b)(1) motion most typically is employed when the movant believes that "the claim asserted by the plaintiff does not involve a federal question, and there is no diversity of citizenship between the parties . . . ." *Wright & Miller Federal Practice and Procedures Civil* 3rd § 1350.

Once a challenge to jurisdiction is raised by a defendant, the plaintiff bears the burden of proving federal jurisdiction. Evans v. B.F. Perkins Co., 166 F.3d 642, 647 (4th Cir. 1999). The face of the Complaint makes clear that the plaintiffs are citizens of Virginia. The Complaint does not recite the citizenship of the defendant but it is undisputed, and verifiable from the records of the State Corporation Commission, that the named defendant is not a legal entity, but is a trade name of ICAFS which is a Virginia corporation. That fact is undisputed. ICAFS manages, but does not own, the apartment in which the Newmans reside.

The Complaint also makes clear that the ground for jurisdiction in this Court is thought to be federal question jurisdiction. It recites on page one:

> Grounds for Jurisdiction: The United States Law of Civil Procedure to refer to the situation [sic] which a United States Federal Court has subject-matter jurisdiction to hear civil case because we [the plaintiffs] has [sic] alleged a violation of the constitution or law of the

>United States, or treaties to which the United States is a party.

It is settled that, in determining whether a Complaint presents a federal question, the Court must discern whether federal or state law creates the claim therein asserted. If federal law creates the claim, the courts of the United States unquestionably have subject matter jurisdiction under 28 U.S.C. § 1331. However, if state law creates the claim, federal question jurisdiction depends on whether a plaintiff's demand necessarily depends on resolution of a substantial question of federal law. <u>Mulcahey v. Columbia Organic Chemicals Co., Inc.</u>, 29 F.3d 148, 151 (4th Cir. 1994); 28 U.S.C. § 1331.

Here, the Newmans' claim arises from a garden variety dispute respecting the living conditions in a rented apartment which is a classic landlord-tenant issue. Given the generous construction, the Complaint presents either a common law negligence claim for personal injuries or a claim under a Virginia statute governing landlord-tenant relationships, specifically a requirement that a landlord maintain fit and habitable premises which is the governed by the Virginia Residential Landlord Tenant Act, Va. Code. § 55-248.13 (1977). Accordingly, the Complaint, on its face, makes clear that the claim herein arises directly under state law. From the face of the Complaint, it also is clear that there is no federal

constitutional or statutory question, the resolution of which is essential to the Plaintiffs' claim, whichever way it is construed. Accordingly, this Court lacks subject matter jurisdiction under 28 U.S.C. § 1331.[3]

## CONCLUSION

For the foregoing reasons, the MOTION TO DISMISS (Docket No. 5) will be granted and the Plaintiffs' Motion To Continue (Docket No. 11) and the Defendants' MOTION TO STRIKE PLAINTIFF'S [sic] "MOTION TO CONTINUE" AS UNTIMELY (Docket No. 12) are denied as moot.

It is so ORDERED.

/s/ REP
Robert E. Payne
Senior United States District Judge

Richmond, Virginia
Date: May 22, 2012

---

[3] The Complaint does not assert diversity of citizen jurisdiction, but, if it did, such a claim would fail because the Newmans are citizens of Virginia and ICAFS is a Virginia corporation.